**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHARLES LARRY KING, as
personal representative for the Estate
of BELVIA JOAN KING,

        Plaintiff,

vs.                                  Case No. 3:17-cv-565-J34-PDB

GENERAL MOTORS, LLC,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co.,168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."); see also Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On May 17, 2017, Defendant General Motors, LLC (GM) filed Defendant's Notice of Removal (Doc. No. 1; Notice) removing this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. See Notice at 1; Amended Complaint (Doc. No. 2; Complaint). In the Notice, GM asserts that "this [C]ourt has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441." Notice at 2. However, despite this assertion, the Court is unable to determine whether it has jurisdiction over this action.

Initially, the Court notes that "[d]iversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Here, the Notice's allegations as to both party's citizenships are deficient. With respect to the citizenship of the Plaintiff, GM alleges only that the decedent "was a resident Duval County, Florida." Notice at 3. However, this allegation does not sufficiently establish Plaintiff's citizenship for purposes of diversity jurisdiction.[1] Similarly, the underlying Complaint does not include any allegations as to Plaintiff's citizenship. See Complaint at 1 (also noting that "the Decedent was a resident of Jacksonville, Duval County, Florida."). In order to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is

---

[1] Although GM fails to provide sufficient information, GM is correct that Plaintiff's citizenship is based on that of the decedent, Belvia Joan King. When an individual acts in a representative capacity for one who is deceased, that individual is deemed to be a citizen of the state of which the deceased was a citizen at the time of death. Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); 28 U.S.C. § 1332(c)(2). Thus, "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [she] is deemed to be a citizen of the state in which [she] was domiciled at the time of [her] death." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007).

-2-

determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Accordingly, the assertion in the Notice as to Plaintiff's residence is insufficient to establish citizenship for diversity purposes. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

GM's allegation as to its own citizenship is also deficient. Here, as GM is denominated as an LLC, but alleges jurisdiction as if it is a corporation, the Court is unable to determine GM's citizenship. As such, clarification is necessary to establish this Court's diversity jurisdiction. If GM is, indeed, a limited liability company, then it is reminded that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, to sufficiently allege citizenship as a limited liability company, GM must list the citizenship of each of its members, be it an individual, corporation, LLC, or other entity. See id.

In light of the foregoing, the Court will give GM an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[2] Accordingly, it is

**ORDERED**:

Defendant General Motors, LLC shall have until **June 2, 2017**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on May 18, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc24

Copies to:

Counsel of Record

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

-4-